# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 24-1195V

| | |
|---|---|
| SARAH E. BRAUN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 6, 2025 |

*Elizabeth Martin Muldowney*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Alyssa M. Petroff*, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION ON DAMAGES**[1]

On August 6, 2024, Sarah E. Braun filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination received on November 2, 2022. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 18, 2025, a Ruling on Entitlement was issued, finding Petitioner entitled to compensation for a SIRVA. On June 6, 2025, Respondent filed a Proffer on award of compensation ("Proffer"). Respondent represented that Petitioner agrees with the

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

proffered award. *Id.* at 1 – 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached proffer, **Petitioner is awarded a lump sum of $97,392.85 (representing $92,500.00 for pain and suffering, $2,178.31 for past unreimbursable expenses, and $2,714.54 for lost wages) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** Proffer at 1 – 2. This amount represents compensation for all damages that would be available under Section 15(a). *Id.*

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| SARAH E. BRAUN,<br><br>　　　　Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>　　　　Respondent. | No. 24-1195V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On August 6, 2024, Sarah E. Braun ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Table shoulder injury related to vaccine administration ("SIRVA"), as the result of an influenza vaccine received on November 2, 2022. Petition at 1. On December 16, 2024, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on March 18, 2024 the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 23; ECF No. 24.

**I.   Items of Compensation**

　　A. Pain and Suffering

Respondent proffers that petitioner should be awarded **$92,500.00** in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents that she incurred past unreimbursable expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of **$2,178.31**.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

C.  <u>Lost Wages</u>

Evidence supplied by petitioner documents that she incurred lost wages related to her vaccine-related injury.  Respondent proffers that petitioner should be awarded lost wages in the amount of **$2,714.54**.  *See* 42 U.S.C. § 300aa-15(a)(3)(A).  Petitioner agrees.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult.  Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]:

> A lump sum payment of **$97,392.85** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner.

                Respectfully submitted,

                YAAKOV M. ROTH
                Acting Assistant Attorney General

                C. SALVATORE D'ALESSIO
                Director
                Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

                                    HEATHER L. PEARLMAN
                                    Deputy Director
                                    Torts Branch, Civil Division

                                    JULIA COLLISON
                                    Assistant Director
                                    Torts Branch, Civil Division

                                    **/s/ *Alyssa M. Petroff***
                                    ALYSSA M. PETROFF
                                    Trial Attorney
                                    Torts Branch, Civil Division
                                    U.S. Department of Justice
                                    P.O. Box 146, Benjamin Franklin Station
                                    Washington, D.C. 20044-0146
                                    Tel: (202) 307-3852
                                    Fax: (202) 616-4310
                                    Email: Alyssa.Petroff2@usdoj.gov

Date: June 6, 2025